

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center          (203)821-3700
157 Church Street, 25ᵗʰ Floor         Fax (203) 773-5376
New Haven, Connecticut 06510          www.justice.gov/usao/ct

December 12, 2017

Jake Donovan
154 West St.
Cromwell, CT 06416

     Re:    United States v. Marcel Van Wolvelaerd
           17cr **276**

Dear Mr. Donovan:

     This letter confirms the plea agreement between your client, Marcel Van Wolvelaerd (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

     The defendant agrees to waive his right to be indicted and to plead guilty to one-count information charging him with false documents, in violation of 18 U.S.C. § 1001.

     The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

    1.   That the defendant made or used the false document charged in the Information;

    2.   The document contained a statement or entry that was false, fictitious, or fraudulent;

    3.   The statement or entry was material to the United States Postal Service;

    4.   The defendant acted knowingly and willfully;

    5.   The false, fictitious, or fraudulent document concerned a matter

*Jake Donovan, Esq.*
*Page 2*

within the jurisdiction of the executive branch of the United States Government.

## THE PENALTIES

This offense carries a maximum penalty of 5 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

### Restitution

The parties agree restitution is not applicable in this case, as the United States Post Service did not pay the defendant on the claim for payment that is the subject of his guilty plea.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

*Jake Donovan, Esq.*
*Page 3*

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2B1.1(a)(2) is 6. That level is increased by 6 for an intended loss of greater than $40,000 but less than $95,000. U.S.S.G.

*Jake Donovan, Esq.*
*Page 4*

§ 2B1.1(b)(1)(D).  2 levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 10.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I.  The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 10, assuming a Criminal History Category I, would result in a range of 6 to 12 months of imprisonment (sentencing table) and a fine range of $4,000 to $40,000, U.S.S.G. § 5E1.2(h).  The defendant is also subject to a supervised release term of 1 to 3 years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.  ~~Nor will either party suggest that the Probation Department consider a departure or adjustment not set forth herein, or suggest that the Court on its own consider a departure or adjustment not identified above.~~

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above.  The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.  Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence.  The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 10 months of imprisonment, a 3-year term of supervised release, a $40,000 fine, and a $100 special assessment, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case.  The defendant acknowledges that he is knowingly and intelligently waiving these rights.  Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of

*Jake Donovan, Esq.*
*Page 5*

appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned.  The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense.  The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of

*Jake Donovan, Esq.*
*Page 6*

limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty.  The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law.  The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.  The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## INVOLVEMENT WITH THE POSTAL SERVICE

The defendant agrees that he is not due any money from the United States Postal Service for any work or business he may have performed prior to the date of this plea agreement. The defendant further agrees that he will not seek or accept any payment from the Postal Service for any past work he claims to have completed, whether or not such work was actually completed. The defendant waives any existing claims he has for payment by the Postal Service and considers any such claims paid in full. The defendant further agrees that he will not seek employment, either as a direct employee or a contractor, from the Postal Service for a period of five years from the date of this agreement.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority.  The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity

*Jake Donovan, Esq.*
*Page 7*

involved.  Finally, the defendant acknowledges that this agreement has been reached without
regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he
has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to
serve on a jury, to possess firearms and ammunition, and in some states, the right to vote.
Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty
may result in removal from the United States, denial of citizenship, and denial of admission to
the United States in the future.  The defendant understands that pursuant to section 203(b) of the
Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will
collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant
understands that the Government reserves the right to notify any state or federal agency by which
he is licensed, or with which he does business, as well as any current or future employer of the
fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal
liability of the defendant in the District of Connecticut as a result of his participation in the
scheme which forms the basis of the information in this case

The defendant understands that if, before sentencing, he violates any term or condition of
this agreement, engages in any criminal activity, or fails to appear for sentencing, the
Government may void all or part of this agreement.  If the agreement is voided in whole or in
part, defendant will not be permitted to withdraw his guilty plea.

*Jake Donovan, Esq.*
*Page 8*

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

MARCEL VAN WOLVELAERD                12.12.17
The Defendant                                 Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

JAKE DONOVAN, ESQ.                      12.12.17
Attorney for the Defendant                  Date

*Jake Donovan, Esq.*
*Page 9*

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that give rise to the defendant's agreement to plead guilty to the Information:

The defendant owns and operates CableComm, LLC ("CableComm"), a federal contracting company. From approximately 2007 through 2014, the United States Postal Service ("Postal Service") contracted with CableComm to perform repair and maintenance work at various Postal Service facilities, including facilities in Connecticut. Before making payment on the "Hartford Stop & Go Lights Project # B67898," the Postal Service required Van Wolvelaerd to submit a certified claim for payment. In response to the Postal Service's request, on June 14, 2017, Van Wolvelaerd submitted a certified claim that included a number of invoices detailing his costs, among which were three invoices from an electric company. In fact, Van Wolvelaerd had falsified those three electric company invoices, in two instances by falsely inflating CableComm's costs, and in one case by making up entirely a fictitious invoice. In total, through the three falsified invoices, Van Wolvelaerd inflated the costs he reported to the Postal Service by over $40,000.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.


MARCEL VAN WOLVELAERD
The Defendant

LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY


JAKE DONOVAN, ESQ.
Attorney for the Defendant